UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Carlos Lopez

   v.                                               Civil No. 06-cv-305-PB

Somersworth Police Department, et al.

**O R D E R**

Carlos Lopez, a federal prison inmate proceeding pro se and in forma pauperis, filed a complaint (document no. 1) in this Court against the Somersworth Police Department ("SPD") alleging that members of the SPD violated Lopez's rights under New Hampshire's Right to Know Law, N.H. Rev. Stat. Ann. ("RSA") 91-A:1, et seq. The matter initially came before me for preliminary review to determine, among other things, whether the complaint invoked the subject matter jurisdiction of this Court. See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). After reviewing the complaint and attachments filed by Lopez, I determined that Lopez had not, at that time, properly invoked the subject matter jurisdiction of this Court, and I therefore recommended that Lopez's action be

dismissed in a Report and Recommendation issued November 13, 2006 (document no. 4).

Lopez now seeks to amend his complaint (document no. 6).[1] My recommendation of dismissal was based on the fact that Lopez, in his original complaint, alleged neither a dispute arising under federal law that would trigger the federal question jurisdiction of this Court under 28 U.S.C. § 1331, nor that the matter was properly before the Court as a diversity action under 28 U.S.C. § 1332, as the complaint did not specifically allege an amount in controversy in excess of $75,000, as required by that

---

[1]Lopez's motion to amend does not strictly comply with LR 15.1 which states:

> (a) A party who moves to amend a filing shall (i) attach the proposed amended filing to the motion to amend, (ii) identify in the motion or a supporting memorandum any new factual allegations, legal claims, or parties, and (iii) explain why any new allegations, claims, or parties were not included in the original filing.
>
> (b) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall reproduce the entire filing as amended and may not incorporate any prior filing by reference, except by leave of court.

However, because Lopez is proceeding pro se, I will accept the amendment and consider the complaint (document no. 1) and the motion to amend (document no. 6), in the aggregate to comprise the complaint in this matter.

statute. 28 U.S.C. § 1332(b).[2] In fact, Lopez alleged damages of only $450. Lopez has now amended his complaint to allege damages in the amount of $75,450. Because I find that Lopez's complaint, as amended, properly invokes the diversity jurisdiction of this Court, I will allow the complaint to be served at this time.

### Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation determining whether the complaint or any portion thereof should be dismissed because:

> (i) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally. See Ayala Serrano v.

---

[2] Lopez's complaint does allege diversity of citizenship. According to the complaint, Lopez's last domicile prior to his incarceration was in Massachusetts, and the defendants to this action is located in New Hampshire. See 28 U.S.C. § 1332(a).

3

Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

Carlos Lopez is a federal prisoner incarcerated at the Federal Correctional Institute located at Fort Dix, New Jersey. Lopez was incarcerated pursuant to his conviction on federal drug

and firearms offenses.  Lopez alleges that he and other defendants and witnesses in his case were investigated, surveilled, and arrested by the SPD.

On September 7, 2005, Lopez made a request pursuant to the New Hampshire Right to Know Act, RSA 91-A:1, et seq., for all of the records in the possession of the SPD regarding the investigation, surveillance, arrest and prosecution of his case, or cases of the codefendants and witnesses relevant to his own case.  Lopez's request was specific and cited the relevant state statute authorizing the release of public documents.  Receiving no response, Lopez reiterated his request on October 3, 2005.  Again, Lopez received no response.  On November 7, 2005, Lopez contacted the Dover District Court requesting an order directing the SPD to comply with his information request.  Lopez received no response from the Court and, when he inquired as to the status of his case on December 27, 2005, was told that nothing had been docketed regarding his request.  Lopez then contacted the Strafford County Superior Court on January 12, 2006, but that Court never responded and Lopez asserts that no case relevant to this action was ever docketed in that Court.

On July 12, 2006, Lopez renewed his request to the SPD via certified mail.  On July 18, 2006, the return receipt for his request was signed by Karen Cantrell at the SPD.  As of the time he filed this action, however, Lopez had not received any response from the SPD.

## Discussion

1.  <u>State Law Claim Based on RSA 91-A:1</u>

New Hampshire's Right to Know law is intended to "ensure both the greatest possible public access to the actions, discussions and records of all public bodies, and their accountability to the people."  RSA 91-A:1.  The Right to Know law provides a cause of action against a body or agency, or employee or member thereof, to provide records that fall under the purview of the statute, provided that the Court finds that a lawsuit was necessary to obtain the records in question.  RSA 91-A:8.  Here, Lopez has described numerous attempts to obtain the records he seeks through appropriate channels.  Because Lopez has not received any response, it is reasonable for him to file suit against the SPD to get the documents he seeks.  Accordingly, I find that Lopez can state a cause of action under RSA 91-A:8 against defendant SPD.

2.   <u>Amended Amount in Controversy</u>

"The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith." <u>Horton v. Liberty Mut. Ins. Co.</u>, 367 U.S. 348, 353 (1961) (internal citations omitted). The standard for determining a lack of good faith in a claimed amount is that it "must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." <u>Id.</u> (internal citations omitted).  Unless a plaintiff's allegation that the dispute exceeds the jurisdictional minimum is challenged, a general allegation suffices to support diversity jurisdiction.  <u>Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n</u>, 942 F.2d 84, 88 (1st Cir. 1991) (citing <u>Gibbs v. Buck</u>, 307 U.S. 66, 72 (1939)).[3]

Lopez's complaint baldly alleges an amount in excess of $75,000.  While this amount may ultimately be subject to challenge to determine whether or not the assertion was made in

---

[3] If Lopez's assertion of a sufficient amount in controversy is challenged by the defendant in this matter, Lopez will have the burden to allege, with particularity, facts indicating that "it is not a legal certainty that the claim involves less than the jurisdictional amount." <u>Dep't of Recreation</u>, 942 F.2d at 88.

7

good faith based on actual asserted damages, or whether it was stated only to obtain the jurisdiction of this Court, Lopez's assertion, for purposes of preliminary review, suffices to invoke this Court's diversity jurisdiction under § 1332.

## Conclusion

For the reasons stated herein, and without further comment on the merits of the complaint, and, in light of the additional allegations in Lopez's amended complaint, I direct that this action proceed against the Somersworth Police Department and withdraw my previously issued Report and Recommendation (document no. 4). Lopez has filed an objection to that Report and Recommendation (document no. 5) which is therefore moot.

My review of the file indicates that the plaintiff has completed summons forms for the SPD. The Clerk's Office is directed to issue the summons against the defendant SPD, a the Mayor or one of the Aldermen of the City of Somersworth and the Somersworth city clerk. I further direct the Clerk's office to forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summons and copies of the complaint (document nos. 1 & 6), and this Order. Upon receipt of the necessary documentation, the U.S. Marshal's office

shall effect service upon the defendant SPD, the Mayor or an Alderman of the City of Somersworth, and the Somersworth city clerk. See Fed. R. Civ. P. 4(j) (authorizing service upon a municipal organization to be effected in the manner prescribed by state law); RSA 510:10.

The defendant is instructed to answer or otherwise plead within twenty (20) days of service. See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date:    December 5, 2006

cc:      Carlos Lopez, pro se