UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Carlos Lopez

    v.                                      Civil No. 06-cv-305-PB

Somersworth Police Department, et al.

### REPORT AND RECOMMENDATION

Carlos Lopez has moved to amend the complaint in this matter to add two claims, both alleging violations of his Fourteenth Amendment rights and to add a defendant to this action (document nos. 16 & 21). Defendants object (document no. 17).

#### Standard of Review

Under Fed. R. Civ. P. 15(a), leave to amend a complaint "'shall be freely given when justice so requires,' unless the amendment would be futile or reward undue delay." Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006), (quoting Fed. R. Civ. P. 15(a)). In assessing futility, the Court applies the same standard it applies to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Adorno, 443 F.3d at 126.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts the facts alleged in the complaint as

true and determines whether "relief could be granted under any set of facts that could be proved consistent with the allegations." Lalonde v. Textron, Inc., 369 F.3d 1, 6 (1st Cir. 2004) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)). The Court draws all reasonable inferences from the facts alleged in the plaintiff's favor. Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir. 2002). Dismissal of the complaint is appropriate only if "it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). Applying this standard to the assertions in Lopez's motion to amend, I find the facts as follows.

## Background

Carlos Lopez, a federal prisoner serving his sentence in the Federal Correctional Institute located at Fort Dix, New Jersey, filed this diversity action seeking damages against defendants, members of the Somersworth Police Department. Lopez's initial claims allege that the defendants failed to provide Lopez with information that had been properly requested under New Hampshire's Right to Know statute, N.H. Rev. Stat. Ann. 91-A, et seq. Defendants filed a motion to dismiss, alleging that

diversity jurisdiction is improper in this case, as the amount in controversy was not alleged in good faith, and that the damages in the case clearly do not exceed $75,000, as is required to establish diversity jurisdiction in this Court.  See 28 U.S.C. § 1331(a) & (b) (requiring complete diversity of citizenship of the parties and an amount-in-controversy exceeding $75,000 to establish federal jurisdiction over a claim brought under state law).

   Lopez claims that since the time he originally filed his complaint on August 17, 2006, he has received documents that contain evidence demonstrating that a key witness against him at trial perjured herself, and that the government delayed providing Lopez timely access to exculpatory material for his criminal trial in violation of Brady v. Maryland.[1]  Specifically, Lopez has obtained transcripts of the trial testimony of Jennifer Weber.  Weber testified at Lopez's trial that at the time she provided evidence to the government incriminating Lopez, she had recently been arrested for felony drug possession, and had become a confidential informant to Somersworth Police Captain Kretchmar.

---

   [1]373 U.S. 83, 87 (1963) (suppression by prosecution of evidence favorable to an accused person upon request violates due process where evidence is material either to guilt or to punishment)

Weber testified that when she was arrested she was also potentially subject to a previously suspended 12-month jail sentence. Weber testified that the drug possession case was dismissed due to a problematic search of her purse, rather than pursuant to any deal with the prosecution for her testimony against Lopez.

Since his complaint was filed, Lopez has also obtained, and now submitted, police reports that state that at the time Weber was arrested, she consented to the search of her purse. Lopez alleges that this demonstrates both that Weber perjured herself on the stand regarding her own motivation to testify against Lopez, and that the government withheld exculpatory information from him regarding a deal he alleges was made between the prosecution and Weber in order to secure Weber's assistance and testimony against Lopez. Lopez alleges that these factors support claims that his Fourteenth Amendment rights were violated. It is these claims he seeks to add to the complaint at this time.

## Discussion

Lopez asserts that he was denied access to exculpatory information prior to his trial, and that as a result, his

conviction was obtained by violating his due process rights. These claims arise under 42 U.S.C. § 1983.  Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law.  See 42 U.S.C. § 1983[2]; Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-331 (1986)); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002).

Under Heck v. Humphrey, a state prisoner's claim for damages is not cognizable under § 1983 if a judgment for the prisoner would "necessarily imply" that the conviction or sentence was invalid unless and until the inmate obtains favorable resolution of a challenge to his conviction.  512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been invalidated is not cognizable under §

---

[2] 42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

1983" and must be dismissed.  Id. at 487 (emphasis in original); see Thore v. Howe, 466 F.3d 173, 178 (1st Cir. 2006) (same).

Here, Lopez claims that his trial violated his due process rights because he was not provided with relevant and material exculpatory evidence and because a witness against him committed perjury.  In other words, Lopez claims that his conviction violated his Fourteenth Amendment rights and was, therefore, unconstitutional.  If this Court were to ultimately find, as Lopez asks, that there was information withheld from him prior to his trial that tainted the validity of his conviction, the court will have "necessarily implied" the invalidity of Lopez's conviction.  The claims that Lopez seeks to add to his complaint, therefore, are barred by Heck unless and until Lopez's conviction has been successfully challenged.  See Heck, 512 U.S. at 487.

Lopez has, in fact, initiated a challenge to his conviction pursuant to Fed. R. Civ. P. 60(b) based on the same evidence that forms the basis of the claims he seeks to add to this suit.  That challenge has not yet been resolved, and therefore, Lopez's conviction has not, at this time, been invalidated.[3]  Therefore,

---

[3]On February 8, 2007, Lopez's Fed. R. Civ. P. 60(b) motion, originally filed in this Court, was referred to the United States Court of Appeals for the First Circuit.  In its Order referring the case, the court also characterized Lopez's claims as

the proposed amendments seek to add claims that are futile as, under Heck, they cannot be redressed by this Court at this time. I find, therefore, that Lopez's motion to amend does not state § 1983 claims upon which relief may be granted and instead states claims that are futile, and I recommend that the motion to amend be denied.[4]

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of

---

"direct[] challenges [to] the constitutionality of his underlying conviction" and as speaking "directly to whether petitioner is entitled to relief from the underlying conviction and sentence, due to errors in the trial process itself."  See United States v. Lopez, Civ. No. 06-004-SM (Order Transferring Case, issued Feb. 8, 2007).

[4]The defendant that Lopez seeks to add is relevant only to the § 1983 claims.  Accordingly, I recommend that Lopez not be permitted to add Capt. Kretchmar as a defendant to this action at this time as there are no claims pending against him.

Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:    April 3, 2007

cc:      Carlos Lopez, pro se